IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

        **v.**                                                  **Criminal No. 06-0236**
                                                      **Civil No. 23-01892**
                                                        **ELECTRONICALLY FILED**

**BOUBACAR DIALLO**

## Memorandum Opinion

### I.     Introduction

Currently pending before this Court, 18 years after the Indictment was filed, and 13 years after the sentence was served and the case was closed, is Defendant's Motion to Vacate Sentence, and the Government's Response in Opposition thereto. The basis for Defendant's Motion to Vacate Sentence centers upon an alleged ineffective assistance of counsel claim for failing to advise Defendant at the guilty plea phase of these proceedings that he could be subject to the collateral consequence of deportation and removal.

Defendant's current Motion, filed *pro se*, fails for at least two reasons: (1) he is no longer "in custody" on this sentence, and therefore, lacks standing to bring this Motion, as the Court has no jurisdiction to handle his Motion; and (2) his Motion is untimely, as his custodial sentence in this case ended over 13 years ago. For these reasons, Defendant's Motion to Vacate will be DISMISSED/DENIED.

### II.     Procedural History

Defendant was indicted in the Western District of Pennsylvania on June 28, 2006, for trafficking in counterfeit labels affixed to copies of motion pictures (DVDs) and counterfeit goods (purses), in violation of Title 18, United States Code Sections 2318 and 2320. Doc. Nos 12 and 13. Defendant owned a store in Pittsburgh which sold counterfeit merchandise and upon

the execution of an FBI warrant, 900 illegal DVDs and CDs and 465 counterfeit designer bags were discovered.

On September 26, 2006, Defendant changed his plea to guilty to Count One of the Indictment pursuant to a plea agreement, which included a Rule 11(c)(1)(c) stipulated sentence, and on January 25, 2007, Defendant was sentenced to 18 months imprisonment, 3 years of supervised release, and restitution in the amount of $120,000.00 (most of which was unpaid, but the Court has suspended that portion of his sentence when it terminated supervised release on June 28, 2011). This Court included in its Judgment an additional condition related to deportation, that Defendant shall be deported, if after notice and hearing the attorney general demonstrates by clear and convincing evidence the alien is deportable. Doc. No. 34 and Doc. No 51.

Despite the standard waiver of appellate rights in Defendant's plea agreement, on January 29, 2007, Defendant perfected an Appeal, through counsel, who filed an *Anders* brief on his behalf. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The basis for this appeal was whether this Court properly exercised jurisdiction over this case, whether Defendant knowingly waived his right to appeal sentencing issues, and whether this Court erred in sentencing him to 18 months imprisonment, which happened to represent the low end of the applicable Sentencing Guideline Range. Appellate Counsel withdrew from the case, and Defendant never filed a *pro se* brief, after having been given the opportunity to do so. He did file a Motion objecting to the Government's Request to file a brief on December 2, 2008, in which he raised an issue related to his deportation status.

On June 1, 2009, the United States Court of Appeals for the Third Circuit affirmed this Court's judgment. Defendant did not seek further review of this Court's judgment.

Defendant was released from the custody of the Bureau of Prisons on July 11, 2008, and he was thereafter transferred into the custody of Immigration and Customs Enforcement. Importantly, Defendant's term of supervised release before this Court expired on July 10, 2011, and he was in the Otay Mesa Detention Center, a detention facility of the U.S. Immigration and Customs enforcement, located in San Diego (where it appears he is still currently detained). Doc. Nos. 51 and 52.

Then, in January of 2012, Defendant appealed his Order of Removal to this Court in a separate proceeding filed against the Attorney General of the United States, and originally, the Court of Appeals for the Third Circuit stayed his removal, but ultimately, on July 13, 2012, his Petition for Review of Final Order of Removal was denied and the stay on removal proceedings was lifted. *Boubabar Diallo v. Atty Gen USA*, Case No. 12-1064 (3d Cir. 2012). In its non-precedential Opinion and Order, the Court of Appeals for the Third Circuit repeated the findings of the Immigration Court that Defendant failed to provide credible testimony and concluded that substantial evidence supports the agency's adverse credibility determination.

On November 1, 2024, Defendant filed the instant Motion to Vacate on the basis of ineffective assistance of counsel (postmarked October 24, 2023), and on November 7, 2023, this Court issued a notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), that, upon receipt by the United States District Court of a *pro se* petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner explaining the effect of his pleadings."

The *Miller* Notice advised Defendant of his three (3) options and Ordered Defendant to file his Notice of Intent by November 30, 2023. Defendant has failed to file any responsive document since that time, and therefore, the Court will rule upon his Motion as originally filed.

The Court ordered the Government to respond and the Government response in opposition was filed on May 28, 2024. Doc. No. 58.

### III.     Standard of Review

Section 2255 of Title 28 of the United States Code ("Section 2255") provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a) (West).

Title 28 U.S.C. Section 2255 further provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the District Court. United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008), holding modified by Vickers v. Superintendent Graterford SCI, 858 F.3d 841 (3d Cir. 2017); United States v. Day, 969 F.2d 39, 41 (3d Cir. 1992)(*quoting* Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989), *cert. denied* 500 U.S. 954 (1991)).  In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.  Further, the Court must order an evidentiary hearing to determine the facts unless the motion and files and

4

records of the case show conclusively that the movant is not entitled to relief." Day, 969 F.2d at 41–42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8.  The Court must view the factual allegations in the light most favorable to the Petitioner. Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on Petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted).  However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.  United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005) (citations omitted).

However, a Defendant seeking relief under Section 2255 must first satisfy two procedural requirements. First, Defendant must be "in custody," *see* 28 U.S.C.A. § 2255(a), which the Supreme Court has interpreted as requiring that Defendant "be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (emphasis added). And second, Defendant must show that his or her motion was filed within the one-year period of limitation that applies to all motions filed under 28 U.S.C.A. § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

IV.     **Discussion**

In Defendant's Motion to Vacate Sentence, he requests that his federal conviction be "vacated, restricted and sealed," and that the Court "reset" him to pre-plea status. Doc. No. 52. He contends that his counsel was ineffective for failing to advise him of immigration implications as a result of his guilty plea. Doc. No. 52. Defendant's arguments fail because he is no longer serving a sentence before this Court, and because his Motion is untimely.

As the Government posits, and this Court agrees, in order to obtain relief under Section 2255, a person must be "in custody." The United States Court of Appeals for the Third Circuit has construed custody to include incarceration, as well as supervised release, probation and community service. Barry v. Bergen Cnty. Prob. Dep't, 128 F.3d 152, 161–62 (3d Cir. 1997).

The question of whether Defendant's detention with the Immigration and Customs Enforcement Agency, as a collateral consequence of his conviction, constitutes Defendant being "in custody" for purposes of Section 2255, has been resolved by other courts in the negative and against Defendant's position in this case. That is, a collateral effect of a conviction (including deportation proceedings), after a sentence on a federal conviction has expired, does not satisfy an "in custody," requirement under Section 2255. In other words, collateral immigration consequences, do not satisfy the "in custody" requirement of Section 2255(a) even if deportations proceedings are pending. See Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) ( "Because [defendant's] sentence was fully expired by the time he filed his Section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of Section 2255."); United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004); Adegbuji v. United States, No. 03 CIV. 2667 (RPP),

2003 WL 21961122, at *3 (S.D.N.Y. Aug. 18, 2003) (holding that a defendant was not "in custody" for the purposes of Section 2255 because his "current INS incarceration is a collateral consequence of his convictions for the purposes of Section 2255."); *See States v.* United States v. Jabero, No. 03-81060-2, 2012 WL 3109405, at *3 (E.D. Mich. July 31, 2012); ("Collateral immigration consequences do not satisfy the 'in custody' requirement of Section 2255(a) even if deportation proceedings are pending."). *United States v. Ishola,* Crim. No.United States v. Ishola, No. CRIM. 1:CR-03-102, 2007 WL 4212112, at *1 (M.D. Pa. Nov. 27, 2007) (same).

This Court is without jurisdiction over this claim because Defendant's federal sentence expired on July 10, 2011, when the Court ordered that Defendant's term of supervised release be allowed to expire and that his case be closed. Doc. No. 51. Because it is undisputable that Defendant is no longer in BOP custody as his federal sentence expired and his case was terminated over 13 years ago, Defendant therefore lacks standing to file this Motion to Vacate Sentence, and the Court lacks jurisdiction to handle his request. *See* Alexander v. Healy, No. 4:23-CV-02384, 2024 WL 2020281, at *2 (N.D. Ohio May 7, 2024) (Court found that it no longer had authority to issue a decision that would affect the rights of the litigant and therefore the issues raised in a Section 2241 claim (with same standing requirements as a 28 U.S.C.A. § 2255 claim) were "moot").

Additionally, since Defendant's Section 2255 Motion has been filed 13 years after the completion of his sentence, his Motion was not timely filed within the one-year limitations period set forth for Section 2255 Motions in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Defendant also has not established entitlement to equitable tolling of the one-year limitations period set forth in the AEDPA. Finally, Defendant has not sufficiently established "actual innocence" of the crime for which he was convicted such that the miscarriage

7

of justice exception to AEDPA's statute of limitations should be invoked as to Defendant's Section 2255 Motion. *See generally* Holland v. Fla., 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013).

### V.     Conclusion

Judging Defendant's allegations in the light most favorable to him, he has failed to meet his burden to warrant collateral relief. The Court will not hold an evidentiary hearing because the Motion conclusively shows that he is not entitled to relief. *United States v. Booth*, 432, F.3d 542, 545-46 (3d Cir. 2005).

Likewise, Defendant has made no substantial showing of the denial of a constitutional right or that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Ebo v. United States, No. 17-CR-155, 2020 WL 614113, at *9 (W.D. Pa. Feb. 10, 2020)(*quoting* Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). The Court will not issue a Certificate of Appealability.

An appropriate Order follows.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:     All counsel of record

    **BOUBACAR DIALLO**
    O.M.D.C.
    PO Box 439049
    San Diego, CA 92143-9049
    PRO SE